UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLEVELAND, et al.,<br><br>                             Plaintiffs,<br><br>v.<br><br>LUDWIG INSTITUTE FOR CANCER RESEARCH LTD., et al.,<br><br>                             Defendants. | Case No.: 19cv2141 JM(JLB)<br>Related Case No: 21cv871 JM(JLB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE** |

Presently before the court is Plaintiffs Don Cleveland, Arshad Desai, Frank Furnari, Richard Kolodner, Paul Mischel, Karen Oegema, and Bing Ren's Motion to Consolidate under Federal Rule of Civil Procedure 42(a) (Doc. No. 66). Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, Plaintiffs' Motion to Consolidate is **DENIED**.

I. **BACKGROUND**

In the instant Motion, Plaintiffs move to consolidate *Cleveland v. Ludwig, et al.*, 19cv2141 JM(JLB) (hereinafter, "*Ludwig I*") with *Cleveland v. Ludwig*,

21cv871 JM(JLB) (hereinafter, "*Ludwig II*"). A brief description of the two actions is set forth below.

    a.    *Ludwig I*, Case No. 19cv2141 JM(JLB)

On November 7, 2019, Plaintiffs filed their initial Complaint in *Ludwig I* against Defendants Ludwig Institute of Cancer Research, Ltd., Edward McDermott, Chi Van Dang, and John. L. Notter. (Compl. at ¶¶ 16-19.)[1] On January 30, 2020, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. No. 3.)[2] On June 17, 2020, the court granted-in-part Defendants' Motion to Dismiss Plaintiffs' FAC. (Doc No. 25).

On July 8, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"). (Doc. No. 26.) According to the SAC, Plaintiffs are "internationally acclaimed cancer research scientists and physicians." *Id.* at ¶ 1. Plaintiffs allege that between 1996 and 2016, Defendant Ludwig recruited Plaintiffs to move their research laboratories to the San Diego Branch of the Ludwig Institute for Cancer Research. *Id.* at ¶¶ 1, 26-32. Subsequently in 2018, Plaintiffs allege Defendant Ludwig announced it would cease funding and "halt the 'continuous active conduct of medical research'" at the San Diego Branch. *Id.* at ¶ 15. As a consequence, Plaintiffs allege Defendant breached various contractual obligations owed to Plaintiffs under an Affiliation Agreement with the University of California San Diego and Laboratory Support and Intellectual Property Agreements entered with the individual Plaintiffs. *Id.* at ¶¶ 3, 15. Plaintiffs further allege Defendants "maliciously defamed" Plaintiffs by making purportedly false statements, including that Defendants were withdrawing funding "because Plaintiffs were not performing cancer research at a level on par with their seniority and the funding provided." *Id.* at ¶¶ 22-23.

Plaintiffs asserted the following fifteen causes of action in their SAC: declaratory relief (Count I); breach of contract (Count II); breach of the covenant of good faith and

---

[1] All citations to this section are to *Ludwig I*.
[2] Document numbers and page references to those assigned by the CM/ECF.

fair dealing (Count III); defamation (Count IV); false light invasion of privacy (Count V); breach of intellectual property contract (Count VI); breach of good faith and fair dealing (Count VII); promissory estoppel (Count VIII); and breach of laboratory contracts (Counts IX-XV). *Id.* at ¶¶ 52-91.

On November 25, 2020, the court granted in part Defendants' partial motion to dismiss Plaintiffs' SAC. (Doc. No. 32.) Specifically, the court dismissed Count I with respect to Plaintiffs' claims based on the Affiliation and Intellectual Property Agreements and Counts II, III, and VI. *Id.* at 28. On February 2, 2021, the court issued a scheduling order and the case proceeded to discovery. (Doc No. 43).

b. *Ludwig II*, Case No. 21cv871 JM(JLB)

On May 5, 2021, Plaintiffs filed a Complaint in *Ludwig II* solely against Defendant Ludwig Institute of Cancer Research, Ltd. (Doc. No. 1).[3] In their Complaint, Plaintiffs assert six causes of action arising primarily under labor and employment laws. *Id.* Specifically, Plaintiffs assert that: Defendant retaliated against Plaintiff Kolodner after Plaintiff Kolodner disclosed his belief Defendant's 2020 and 2021 budget for the San Diego Branch was insufficient to meet Defendant's various legal obligations (Count I); Defendant retaliated against all Plaintiffs after each declined to sign a "Transition Agreement and Release" (Count II); age discrimination (Count III); wrongful adverse employment action in violation of public policy (Count IV); failure to timely pay wages (Count V); and unfair competition (Count VI). *Id.* at ¶¶ 44-94. On May 12, 2021, the *Ludwig II* action was deemed related to the *Ludwig I* action and transferred to this court pursuant to the low number rule, Local Rule 40.1. (Doc. No. 4). Defendant's response to Plaintiffs' Complaint is due on or before July 6, 2021. (Doc. No. 9).

II. ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure allows a district court to consolidate cases when actions before it "involve a common question of law or fact[.]"

---

[3] All citations to this section are to *Ludwig II*.

Fed. R. Civ. P. 42(a). District courts have broad discretion to grant or deny consolidation. *Inv'rs Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989). In determining whether consolidation is appropriate, a court "weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Therefore, even where a common question exists, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

In their Motion, Plaintiffs argues the *Ludwig I* and *Ludwig II* cases should be consolidated for a single trial because both actions "involve the same or similar facts and events." (Doc. No. 66-1 at 6). Specifically, Plaintiffs argue consolidating the cases would minimize the duplication of effort, prevent Plaintiffs from incurring additional resources litigating related actions in separate cases, and avoid the danger of inconsistent rulings. *Id.*

In their Response, Defendants assert they are agreeable to coordinating the two cases with a reasonable extension of time. (Doc. No. 68 at 5-9, 11). Nevertheless, Defendants argue consolidating the two cases for trial is premature at this stage as: (1) some or all of the claims in the *Ludwig II* case may be disposed of with further motion practice; and (2) the *Ludwig I* and *Ludwig II* cases raise distinct issues of law and fact. (*Id.* at 9-10).

In this district, two different procedures apply to related actions. First, the low number rule of L.R. 40.1 generally provides for the coordinated treatment of actions that arise from "the same or substantially identical transactions"; involve "the same or substantially the same parties or property"; or call for the resolution of "the same or substantially identical questions of law." L.R. 40.1(e). Here, the *Ludwig II* action has already been low-numbered to *Ludwig I*. As a consequence, the same district and magistrate judges will hear all matters in both cases, thereby mitigating any risk of inconsistent rulings.

The second procedure provides for consolidation of two actions as if they were the same case. Where two related actions present the same factual or legal issues, consolidation provides that the two cases proceed under a single case number. Here, the court finds it most sensibile to maintain the *Ludwig I* and *Ludwig II* cases separately. At this juncture, the *Ludwig I* and *Ludwig II* cases are at very different phases of the pretrial process. *Ludwig I* was filed over a year before *Ludwig II*. An Early Neutral Evaluation ("ENE") has already been held in *Ludwig I* and discovery is proceeding accordingly, with fact discovery set to close only a few months from now. In contrast, the *Ludwig II* case is at a significantly earlier pretrial stage. Defendant has not yet responded to Plaintiffs' Complaint in *Ludwig II* and no other schedules have been set. Consolidating the cases at this juncture would have the effect of significantly delaying the resolution of the earlier-filed *Ludwig I* case. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."). Further, while the two cases have some factual similarities, Plaintiffs have alleged different causes of action in these cases, thereby presenting the court with different legal questions. The potentially significant legal differences between the two cases also weighs against premature consolidation.

### III. CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiffs' Motion to Consolidate.

**IT IS SO ORDERED.**

DATED: July 2, 2021

JEFFREY T. MILLER
United States District Judge