**MILBANK LLP**
Gary N. Frischling (SBN 130583)
Mark D. Villaverde (SBN 331876)
Ayana Sumiyasu (SBN 307957)
Allison Markowitz (*pro hac vice*)
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (231) 629-5063
Email: gfrischling@milbank.com

*Attorneys for Defendants/Counter-Claimants Ludwig Institute for Cancer Research Ltd., Chi Van Dang, Edward A. McDermott, Jr., and John L. Notter*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLEVELAND, an individual; ARSHAD DESAI, an individual; FRANK FURNARI, an individual; RICHARD KOLODNER, an individual; PAUL MISCHEL, an individual; KAREN OEGEMA, an individual; and BING REN, an individual,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>LUDWIG INSTITUTE FOR CANCER RESEARCH LTD., a corporation; CHI VAN DANG, an individual; EDWARD A. McDERMOTT, JR., an individual; JOHN L. NOTTER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants/Counter-claimants. | Case No.: 3:19-cv-02141-JM-JLB<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS/COUNTER-CLAIMANTS' MOTION FOR SANCTIONS FOR PLAINTIFFS' VIOLATION OF THIS COURT'S PROTECTIVE ORDER**<br><br>Department: 5D<br>Judge: Hon. Jeffrey T. Miller<br>Magistrate Judge: Hon. Jill L. Burkhardt<br><br>Initial Compl. Filed:       Nov. 7, 2019<br>Am. Compl. Filed:       Jan. 30, 2020<br>Second Am. Compl. Filed:   July 8, 2020<br><br>Date:   August 6, 2021<br>Place:  Suite 5140<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   STATEMENT OF FACTS ....................................................................2

      A.    The Stipulated Protective Order .....................................................2

      B.    Plaintiffs' Violation of the Protective Order..................................3

III.  ARGUMENT...........................................................................................5

      A.    Plaintiffs Willfully Violated the Protective Order ..............................5

      B.    Plaintiffs Have Offered No Justification for Their Violation..............5

      C.    The Court Should Bar Plaintiffs' Use of the April 2018 Minutes in
            Their New Action ...........................................................................7

            1.    The Limited Preclusion of Use of the April 2018 Minutes
                  That Defendants Seek Is Appropriate........................................ 8

            2.    Additional Monetary Sanctions Are Appropriate ..................... 9

IV.   CONCLUSION ......................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Adobe Sys., Inc. Sec. Litig.*,
  141 F.R.D. 155 (N.D. Cal. 1992) ...................................................................7

*Cadence Pharms., Inc. v. Fresenius Kabi USA, LLC*,
  2014 WL 3341068 (S.D. Cal. July 8, 2014) ...................................................6

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012)........................................................................5

*Falstaff Brewing Corp. v. Miller Brewing Co.*,
  702 F.2d 770 (9th Cir. 1983)......................................................................7, 10

*G-K Properties v. Redevelopment Agency of City of San Jose*,
  577 F.2d 645 (9th Cir. 1978) ..........................................................................7

*Lewis v. Ryan*,
  261 F.R.D. 513 (S.D. Cal. 2009)......................................................................8

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
  2012 WL 1600393 (N.D. Cal. May 7, 2012) ...............................................7, 8

*Mahboob v. Educ. Credit Mgmt. Corp.*,
  2021 WL 818971 (S.D. Cal. Mar. 2, 2021) ...................................................10

*Nishimoto v. County of San Diego*,
  2019 WL 124963 (S.D. Cal. Mar. 18, 2019) ...................................................6

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752 (1980)..........................................................................................8

*Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*,
  992 F.2d 932 (9th Cir. 1993) ...........................................................................7

**Rules**

Fed. R. Civ. P. 16.................................................................................................9

Fed. R. Civ. P. 37..........................................................................................*passim*

Defendants Ludwig Institute for Cancer Research Ltd. (the "<u>Institute</u>"), Chi Van Dang, Edward A. McDermott, Jr., and John L. Notter (collectively, "<u>Defendants</u>") hereby submit this memorandum in support of their Motion pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure for Sanctions for Plaintiffs' Violation of this Court's Protective Order, ECF No. 45 (hereinafter the "<u>PO</u>").

## I.    INTRODUCTION

The stipulated PO the Court entered in this action precludes parties who receive material designated as confidential under the PO from disclosing that material to anyone other than those individuals authorized under the PO to receive such materials and provides that such material "must not be used for any purpose other than in connection with ***this*** litigation."  *See* PO ¶ 7, *Cleveland et al. v. Ludwig Institute for Cancer Research Ltd. et al.* (Case No. 3:19-cv-02141-JLM-JLB) ("<u>Low Number Action</u>").   Plaintiffs and their counsel have violated the PO by (1) sharing with unauthorized third-parties—Plaintiffs' separate counsel in a newly-filed action against the Institute—the contents of certain confidential minutes of a meeting of the Institute's Board of Directors that the Institute produced in this action and designated as confidential under the PO, (2) quoting and relying on the contents of those Board minutes in Plaintiffs' publicly-filed complaint in their separate new action they have filed against the Institute, and (3) disclosing at least the quoted language in submissions to the California Department of Fair Employment & Housing ("<u>DFEH</u>").

Plaintiffs' actions represent a willful violation of the PO.   Accordingly, Defendants respectfully request that the Court impose sanctions under Rules 16 and 37.   Defendants seek relief that assures that Plaintiffs are not rewarded for their violation of the PO, that the Institute's own confidential information will not be used in a manner prohibited by the PO, and disincentivizes future similar conduct by Plaintiffs.   Specifically, Defendants request entry of an order precluding Plaintiffs from using the confidential April 2018 Board meeting minutes in evidence or argument in connection with their new action.   Defendants also request an order

-1-

directing such other and further relief as this Court deems just and proper, including an order that Plaintiffs reimburse Defendants for reasonable attorney's fees and costs incurred in litigating this dispute and in moving to dismiss that part of Plaintiffs' age discrimination claim in their new action that is premised on the Board minutes. The relief Defendants seek is fair to the Institute and is narrowly tailored to addressing the violation here.

## II.   STATEMENT OF FACTS

### A.   The Stipulated Protective Order

On February 22, 2021, this Court entered the PO in this case. As set forth in the joint motion for entry of the PO, the PO reflects the parties' agreement to "certain procedures and restrictions that they consider[ed] mutually acceptable for protecting" confidential information produced in the course of discovery. ECF No. 44; *see also* PO. It permits either party to designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" materials that "may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as contemplated by [Rule] 26(c)(1)(G)." PO at 1. And it provides that "[i]nformation designated 'CONFIDENTIAL' **must be viewed only by counsel** (as designed in paragraph 3) **of the receiving party**," and certain other individuals related to this case. *Id.* ¶ 9 (emphasis added). The only attorneys and support staff for any party in the Low Number Action authorized under the PO to review materials designated as confidential are those associated with Milbank LLP and Barnes & Thornburg LLP. *Id.* ¶ 3. Significantly, the PO provides that confidential information "must not be used for any purpose other than in connection with **this** litigation, **unless and until such designation is removed either by agreement of the parties, or by order of the Court**." *Id.* ¶ 7 (emphasis added).

The PO specifies the procedure that must be followed if a party disagrees with the confidentiality designation for a document:

> At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality **must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.** If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, **the objecting party** may move the Court for a ruling on the objection. **The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.**

*Id.* ¶ 13. Thus, a party that disputes a confidentiality designation may not simply disclose that confidential information and then later challenge whether it was, in fact, properly designated. The challenge must be made *before* any disclosure, and the objecting party must protect the confidentiality of that information unless the Court rules otherwise.

## B.    Plaintiffs' Violation of the Protective Order

On January 14, 2020, as part of ENE early discovery in this action, the Institute produced to Plaintiffs the confidential minutes of an April 2018 meeting of its Board of Directors (the "April 2018 Minutes"). Defendants produced the document with redactions[1] and initially designated it OUTSIDE COUNSEL EYES ONLY due to the sensitive nature of discussions of the Institute's Board members. Upon Plaintiffs' request, however, Defendants agreed to reproduce the April 2018 Minutes with a reduced CONFIDENTIAL designation to permit the document to be viewed by the individual Plaintiffs. *See* Markowitz Decl. ¶ 3.

On May 5, 2021, Plaintiffs, represented new counsel, Michael G. Olinik, filed a new and separate civil action against the Institute alleging various employment claims, including age discrimination. *See Cleveland et al. v. Ludwig Institute for Cancer Research Ltd.* (Case No. 21-cv-0871-DMS-AHG) ("New Action"). As part

---

[1] To facilitate early discovery even before the PO was entered, the parties agreed that the Institute could redact discussions in Board minutes that did not relate to the San Diego Branch and/or the plaintiff scientists.

of Plaintiffs' age discrimination claim asserted under California's Fair Employment and Housing Act, paragraphs 29 and 62 of the New Action complaint quote (and mischaracterize) language from the April 2018 Minutes. *Id.*, ECF No. 1. Plaintiffs also filed complaints with DFEH that disclosed the same language. *See* June 10 Joint Discovery Statement ("Joint Statement") (acknowledgement that language from the April 2018 Minutes appears in Plaintiffs' DFEH filings). Plaintiffs neither sought the consent of Defendants nor relief from this Court prior to these disclosures.

On May 10, 2021, Defendants raised with Plaintiffs' counsel serious concerns regarding disclosure of the substance of the April 2018 Minutes. *See* Markowitz Decl. ¶ 5. When asked if any other CONFIDENTIAL documents of Defendants have been shared in violation of the PO (and if so, what), Plaintiffs asserted they could not answer without revealing work product. *See id*. On June 1, 2021, after numerous requests by Defendants, Plaintiffs agreed to meet and confer telephonically. *See id*. ¶ 6. On that meet and confer, Plaintiffs explained that they shared the quoted language in the confidential April 2018 Minutes with Mr. Olinik. *See id*. However, rather than admitting that their actions were not permitted under the PO and immediately seeking to remedy the disclosure, Plaintiffs asserted that they were, in fact, entitled to disclose the information. As set forth in the parties' Joint Statement on this issue, Plaintiffs take this position because: (i) Paragraph 20 of the PO—which reads: "Nothing in this Order will be construed to prevent disclosure of confidential information if such disclosure is ***required*** by law or by order of the Court" (emphasis added)— permitted Plaintiffs to reveal the Institute's information because it would be contrary to public policy and inconsistent with California state law to prevent Plaintiffs from disclosing the information; and (ii) for this reason, as Plaintiffs unilaterally concluded, the April 2018 Minutes were "not confidential in the first instance."

Concerned over Plaintiffs' resort to self-help, Defendants raised this issue with the Court. *See* Joint Statement. On June 17, 2021, the Court held an informal discovery conference, during which Plaintiffs reiterated their defense of self-help

-4-

1  while also admitting that there is, in fact, no law or order "requiring" disclosure of the

2  April 2018 Minutes.  Thereafter, the Court ordered further briefing with respect to the

3  violation.  *See* Low Number Action, ECF No. 72.

4  **III.   ARGUMENT**

5  **A.   Plaintiffs Willfully Violated the Protective Order**

6  There is no question that Plaintiffs and their counsel willfully violated the PO.

7  *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) ("A

8  'willful' violation of a court order does not require proof of mental intent such as bad

9  faith or an improper motive, but rather, it is enough that a party acted deliberately.").

10  The PO expressly provides that discovery material produced by Defendants in the

11  Low Number Action and designated as confidential "must be viewed only by counsel

12  (as defined in paragraph 3) of the receiving party"—*i.e.*, **only Barnes & Thornburg**—

13  and certain other related individuals (none of whom are relevant here).  PO ¶¶ 7, 9.  It

14  further provides that such information "must not be used for any purpose other than

15  in connection with ***this litigation***, unless and until such designation is removed either

16  by agreement of the parties, or by order of the Court."  *Id.* ¶ 7 (emphasis added).

17  Plaintiffs, however, sought neither the consent of Defendants nor an order from the

18  Court before using confidential information in connection with the New Action and

19  disclosing therein the confidential April 2018 Minutes.  Rather, Plaintiffs and their

20  counsel in this case (1) shared the contents of the April 2018 Minutes with Plaintiffs'

21  separate counsel in the New Action; (2) publicly disclosed and quoted the contents of

22  the April 2018 Minutes in Plaintiffs' publicly-filed complaint in the New Action; and

23  (3) quoted that same language in submissions to DFEH.  Those actions constitute

24  clear and willful violations of the PO.

25  **B.   Plaintiffs Have Offered No Justification for Their Violation**

26  Plaintiffs do not claim that their use and disclosure of confidential information

27  contrary to the PO was inadvertent.  Rather, Plaintiffs have offered post-hoc attempts

28  to justify their violation of the PO, none of which have merit.  In defense of their

actions, Plaintiffs have asserted that paragraph 20 of the PO gives them discretion to freely disclose *any* information the designation of which as confidential is—in their unilateral determination—"contrary to" California state law. The PO lends Plaintiffs no support. Paragraph 20 provides that nothing in the PO prevents disclosure of confidential information if such disclosure is "***required*** by law or by order of the Court." PO ¶ 20 (emphasis added). Plaintiffs have identified no law or order "requiring" disclosure of the April 2018 Minutes—because there is none. Plaintiffs are not subject to a subpoena or other compulsory process that would "require" them to disclose the confidential April 2018 Minutes. And, of course, nothing "required" Plaintiffs to include information from those minutes in their new complaint.[2]

Moreover, even if Plaintiffs were correct that Defendants' designation of the April 2018 Minutes as confidential under the PO was "contrary to" California state law, that does not justify their actions. The PO contains specific procedures that must be followed for objecting to the confidentiality designation of a particular document. *See* PO ¶ 13. Plaintiffs are indeed aware of and have invoked such provisions in the past—ironically, in connection with disputes over this *exact same document*[3]—but in this instance decided to ignore them. Having failed to avail themselves of the proper remedy beforehand, Plaintiffs "could not simply unilaterally decide that the materials were improperly designated." *Nishimoto v. County of San Diego*, 2019 WL 124963, at *3 (S.D. Cal. Mar. 18, 2019); *see also Cadence Pharms., Inc. v. Fresenius Kabi USA, LLC*, 2014 WL 3341068, at *3 (S.D. Cal. July 8, 2014) ("The time to raise [a]

---

[2] Plaintiffs have further suggested that "it is not a violation of the [PO] to disclose materials that are otherwise in Plaintiffs' possession, notwithstanding any designation by Defendants." Joint Statement at 4. Yet at no time have Plaintiffs asserted that they in fact obtained the April 2018 Minutes "independent" of Defendants' production in the Low Number Action. *See* PO ¶ 22. Nor have Plaintiffs made any attempt to establish their "[p]rior knowledge . . . by pre-production documentation." *Id.*

[3] As explained above, as part of ENE early discovery the Institute produced the April 2018 Minutes to Plaintiffs with an OUTSIDE COUNSEL EYES ONLY designation. Counsel for Plaintiffs wanted to show the document to each individual Plaintiff, which is why counsel asked Defendants if the confidentiality designation could be reduced to CONFIDENTIAL. Defendants agreed to re-produce the document with a reduced CONFIDENTIAL designation to permit it to be viewed by the individual Plaintiffs.

challenge" to appropriateness of confidentiality designation "was prior to disclosure and is not appropriate as a defense to disclosure.").

### C.   The Court Should Bar Plaintiffs' Use of the April 2018 Minutes in Their New Action

Sanctions are appropriate "under Rule 37 when a party fails to comply with a court order, regardless of the reasons."[4] *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393, at *8 (N.D. Cal. May 7, 2012) ("[T]he type of conduct displayed by a party had no bearing on *whether* sanctions should be imposed, but only on the *type* of sanctions imposed." (internal quotation marks and citation omitted)).  Courts "may also issue sanctions under Rule 16(f) in the event that a party or their attorney fails to obey a scheduling or pretrial order." *Id.*  Protective orders "are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).  Failure to honor a protective order not only compromises the confidentiality of documents, but also undermines confidence in court orders and the integrity of an efficient discovery process.  Such conduct leads to a multiplication of discovery disputes as it increases pressure to object to production of the many irrelevant, or only marginally relevant, documents that typically get caught up in discovery if clients cannot be comfortable that confidentiality can be maintained.  The result is a waste of time and resources by both the courts and parties.  As such, sanctions "must be applied diligently both to penalize those whose conduct may be deemed to warrant such a

---

[4] The Ninth Circuit has repeatedly held that Rule 37 "provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders." *See Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934-35 (9th Cir. 1993); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 704 (9th Cir. 1983) ("Fed. R. Civ. P. 37(a) empowers the courts to impose sanctions for failures to obey discovery orders.").  Though the Court need not find bad faith before imposing sanctions, where a party acts willfully, in bad faith, or is at fault in failing to comply with court orders—as Plaintiffs are here—the Ninth Circuit encourages the imposition of sanctions.  *See, e.g.*, *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (internal quotation marks and citation omitted).

The appropriate remedy to address Plaintiffs' PO violations here is at a minimum an order precluding Plaintiffs from using the confidential April 2018 Minutes in evidence or argument in connection with their New Action. Defendants also request an order directing such other and further relief as this Court deems just and proper, including an order directing Plaintiffs to reimburse Defendants for reasonable attorney's fees and costs incurred in litigating this dispute and in moving to dismiss that part of Plaintiffs' age discrimination claim in their New Action that is premised on the April 2018 Minutes.

### 1.   *The Limited Preclusion of Use of the April 2018 Minutes That Defendants Seek Is Appropriate*

Rule 37 provides that a party that violates a discovery order may be sanctioned by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Here the sanction sought is narrowly focused and limited to the specific document which Plaintiffs improperly disclosed. Defendants have not requested that any "claims or defenses" be precluded or that Plaintiffs be barred from introducing other evidence. Ninth Circuit courts have found that the sanction of preclusion may be ordered unless the violation "was either substantially justified or harmless." *Lewis v. Ryan*, 261 F.R.D. 513, 522 (S.D. Cal. 2009). Generally, however, so long as the court's order is "just" and "specifically relate[d] to the particular claim at issue," the remedy crafted to sanction an offending party is proper under Rule 37. *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393, at *10 (N.D. Cal. May 7, 2012) (internal quotation marks and citation omitted).

The preclusion Defendants seek is the proper remedy. First, Plaintiffs' actions were neither substantially justified nor harmless. Plaintiffs have offered no

reasonable justification for their disclosure of the Institute's confidential information. To the contrary, the deliberate nature of Plaintiffs' actions is underscored by the fact that Plaintiffs have followed the PO in the past with respect to disputes over this exact same document and thus very well knew the proper procedures to follow and also where Defendants stood on the document's confidentiality. Moreover, the harm caused by Plaintiffs' violation is undeniable. The disclosure undermines the confidence of the Institute's management that any of its confidential material can be protected effectively in this case. It also undermines confidence among Board members that they can speak frankly and openly at meetings without their comments becoming public at the whim of a litigation opponent.

Second, the sanction Defendants request is both just and specifically related to the particular conduct at issue. Defendants seek relief that would ensure that Plaintiffs are not rewarded for their willful violation of the PO, assures the Institute's own confidential information will not be used against it improperly, and disincentivizes this inappropriate behavior of self-help in the future. An order precluding Plaintiffs from using the April 2018 Minutes in the New Action is narrowly tailored because it does not preclude the underlying claim nor limit Plaintiffs' ability to use other (properly obtained and handled) evidence. The order requested also does not seek to preclude Plaintiffs' use of the April 2018 Minutes in the Low Number Action. What the requested order would do is restore the parties, as much as possible, to the position they would have been in had the PO been followed, *i.e.*, confidential material can neither be used to file a new case nor disclosed to other parties.

### 2.     *Additional Monetary Sanctions Are Appropriate*

Although not sufficient by themselves in this case, monetary sanctions are also authorized under the Federal Rules. Rule 16 of the Federal Rules of Civil Procedure provides that if a party or its attorney disobeys any pretrial order, the Court may make such orders as are "just." Fed. R. Civ. P. 16(f)(1). Similarly, Rule 37 authorizes the Court to "issue further just orders" when a party "fails to obey an order to provide or

permit discovery." Fed. R. Civ. P. 37(b)(2)(A).   Under this rule, instead of or in addition to any other orders, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by" Plaintiffs' failure to comply with the PO, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P 37(b)(2)(C).   The burden of showing substantial justification and other circumstances rests on the party being sanctioned.   *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983).

For the reasons set forth above, Plaintiffs knowingly violated the PO, their failure to obey it was not substantially justified, and no other circumstances make an award of expenses unjust.   Accordingly, Defendants respectfully request, in addition to the above preclusion, that the Court order Plaintiffs to reimburse Defendants for their reasonable attorney's fees and costs (in an amount to be determined by subsequent submission if this relief is granted) incurred in: (i) litigating this dispute, including those incurred in investigating the substance and extent of Plaintiffs' counsel's improper use of the April 2018 Minutes; and (ii) moving to dismiss that part of Plaintiffs' age discrimination claim in their New Action that is premised on the April 2018 Minutes.   Such relief is reasonable given the nature of the violation here. *E.g.*, *Mahboob v. Educ. Credit Mgmt. Corp.*, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021) (holding that plaintiff's counsel "violated the protective order by using confidential information to bring a second lawsuit" and granting defendant "its reasonable attorneys' fees and costs incurred in bringing this motion and defending the [second lawsuit]"), *report and recommendation adopted in its entirety sub nom. Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15 CV 00628 (S.D. Cal. Mar. 31, 2021).

## IV.   CONCLUSION

For the reasons described above, Defendants respectfully request that the Court impose the requested sanctions.

1 | DATED:  July 9, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MILBANK LLP

By:  *s/ Gary N. Frischling*

*Attorneys for Defendants/Counter-Claimants
the Institute, Chi Van Dang, Edward A.
McDermott, Jr., and John L. Notter*

Email: gfrischling@milbank.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document has been served, via the Court's CM/ECF system upon Plaintiffs' counsel of record on July 9, 2021.

_s/ Gary N. Frischling_

Gary N. Frischling

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. 3:19-CV-02141-JM-JLB