**BARNES & THORNBURG LLP**
Ali M.M. Mojdehi (SBN #123846)
amojdehi@btlaw.com
Kevin D. Rising (SBN #211663)
krising@btlaw.com
Janet D. Gertz (SBN #231172)
jgertz@btlaw.com
Allison M. Rego (SBN #272840)
arego@btlaw.com
655 West Broadway, Suite 1300
San Diego, CA 92101
Telephone: 619-321-5000
Facsimile: 310-284-3894

Attorneys for Plaintiffs/Counter-
defendants, Doctors Don Cleveland,
Arshad Desai, Frank Furnari, Richard
Kolodner, Paul Mischel, Karen
Oegema and Bing Ren

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLEVELAND, an individual; ARSHAD DESAI, an individual; FRANK FURNARI, an individual; RICHARD KOLODNER, an individual; PAUL MISCHEL, an individual; KAREN OEGEMA, an individual; and BING REN, an individual,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>LUDWIG INSTITUTE FOR CANCER RESEARCH LTD., a corporation; CHI VAN DANG, an individual; EDWARD A. McDERMOTT, JR., an individual; JOHN L. NOTTER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants/Counter-claimants. | Case No.: 3:19-cv-02141-JM-JLB<br><br>**PLAINTIFFS/COUNTER-DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Department: 5D<br>Judge: Hon. Jeffrey T. Miller<br>Magistrate Judge: Hon. Jill L. Burkhardt<br><br>Initial Compl. Filed:     Nov. 7, 2019<br>Am. Compl. Filed:      Jan. 30, 2020<br>Second Am. Compl. Filed:   July 8, 2020<br><br>Date: August 6, 2021<br>Place: Suite 5140<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ............................................................................................. 1

II.     BACKGROUND FACTS ................................................................................. 2

        A.      The Employment Action ...................................................................... 2

        B.      The Stipulated Order ............................................................................ 3

III.    PLAINTIFFS DID NOT VIOLATE THE STIPULATED ORDER .............. 4

        A.      The Plain Meaning of the Stipulated Order Permits the
                Disclosures in the DFEH Submission and Employment Action ......... 4

        B.      The Stipulated Order Must be Construed in a Manner Not to Be
                Against Public Policy ........................................................................... 7

        C.      The Stipulated Order Must Be Construed in a Manner That Does
                Not Violate the Rules Enabling Act .................................................... 9

IV.     THERE IS NO BASIS FOR SANCTIONS .................................................. 10

        A.      An Evidentiary Sanction is Extreme and Unwarranted ..................... 10

                1.      There is No Prejudice or Harm ................................................. 11

                2.      Plaintiffs are Substantially Justified ........................................ 12

        B.      Imposition of Sanctions Would be Unjust ......................................... 13

V.      CONCLUSION .............................................................................................. 15

1
2

# <u>TABLE OF AUTHORITIES</u>

3
**Page(s)**

4
**Cases**

5
6
*Canon Sols. Am., Inc. v. Gungap*,
   14-1990, 2016 WL 9108916 (C.D. Cal. Feb. 8, 2016) ...................................... 13

7
8
*Carl Zeiss Vision Int'l GmbH v. Signet Armorlite Inc.*,
   07cv0894, 2009 WL 10668659 (S.D. Cal. Mar. 12, 2009) ............................... 12

9
10
*Conforto v. Mabus*,
   12cv1316, 2014 WL 12560881 (S.D. Cal. Sept. 24, 2014) .............................. 10

11
12
*County of Santa Clara v. Astra USA, Inc.*,
   540 F.3d 1094 (9th Cir. 2008) ......................................................................... 6

13
*Erhart v. BofI Holding Inc.*,
   15cv02287, 2017 WL 588390 (S.D. Cal. Feb. 14, 2017) ................................. 8

14
15
*Evon v. Law Offices of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012) ....................................................................... 10

16
17
*Finjan, Inc. v. Eset, LLC*,
   17cv183, 2019 WL 1429596 (S.D. Cal. Mar. 29, 2019) ................................ 14

18
19
*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ....................................................................... 11

20
21
Go-*Video v. Motion Picture Ass'n of Am.*,
   10 F.3d 693 (9th Cir. 1993) ........................................................................... 11

22
23
*Hahn v. Mass. Envy Franch., LLC*,
   12cv153, 2014 WL 12899320 (S.D. Cal. Aug. 22, 2014) ............... 12, 13, 14, 15

24
*Harris v. City of Santa Monica*,
   56 Cal.4th 203 (2013) ..................................................................................... 7

25
26
*Hawkins v. Kroger Co.*,
   15cv2320, 2020 WL 6150040 (S.D. Cal. Oct. 20, 2020) ................................ 10

27
28
*Hernandez v. Best Buy Stores, L.P.*
   13cv2587, 2015 WL 7176352 (S.D. Cal. Nov. 13, 2015) ................................ 15

*ICG Commc'ns, Inc. v. Allegiance Telecom*,
211 F.R.D. 610 (N.D. Cal. 2002) .......................................................... 5

*Levy v. Guiterrez*,
14cv443, 2017 WL 2191592 (D.N.H. May 4, 2017) ............................ 5

*Lewis v. Ryan*,
261 F.R.D. 513 (S.D. Cal. 2009) .............................................. 10, 11, 12

*Life Tech. Corp. v. Biosearch Tech., Inc.*,
2012 WL 1600393 (N.D. Cal. May 7, 2012) ................................. 10, 11

*Mahboob v. Educ. Credit Mgmt. Corp.*,
2012 WL 818971 (S.D. Cal. Mar. 2, 2021)................................... 14, 15

*Marine Midland Realty Credit Corp. v. LLMD of Michigan, Inc.*,
821 F.Supp.370 (E.D. Penn. 1993).................................................... 5, 6

*Olney v. Job.com*,
12cv01724, 2014 WL 4629062 (E.D. Cal. Sept. 15, 2014) .................. 6

*Sanchez v. Servis One, Inc.*,
18cv0586, 2018 WL 2329717 (S.D. Cal. May 23, 2018) .................... 15

*Shady Grove Ortho. Assoc., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) ............................................................................. 9

*State Farm Fire & Cas. Co. v. Admiral Insur. Co.*,
225 F.Supp.3d 474 (D.S.C. 2016) ........................................................ 5

*United States v. ITT Cont'l Baking Co.*,
420 U.S. 223 (1975) ............................................................................. 4

*Youngevity Int'l v. Smith*,
16cv704, 2019 WL 157269 (S.D. Cal. Jan. 10, 2019) ................... 13, 14

**Statutes**

Cal. Labor Code §1102.5(a) & (b) ........................................... 7, 8, 9, 14

Cal. Civ. Code §1643........................................................................... 9

Cal. Civ. Code §3451........................................................................... 9

Cal. Gov't Code §12964.5(b) ............................................................ 7, 8

Rules Enabling Act ...................................................................................... 4, 9, 10

**Other Authorities**

Fed. R. Civ. Proc. 8(a)(2) ...................................................................................... 6

Fed. R. Civ. Proc. 16(f) ...................................................................................... 13

Fed. R. Civ. Proc. 26(c) ...................................................................................... 10

Fed. R. Civ. Proc. 26(c)(1)(G) ..................................................................... 4, 9, 10

Fed. R. Civ. Proc. 37................................................................................. 10, 11, 13

Fed. R. Civ. Proc. 37(b)(2)(C) ........................................................................... 13

Negotiated Acquisitions of Companies, Subsidiaries and Divisions (LJP) (2021 ALM Media Properties, LLC) § 9.02 ............................................................. 7

1 Witkin, Summary 11th Contracts § 775 (2021) ............................................. 15

# I.   **INTRODUCTION**

A protective order is not intended to shield a party from claims for their wrongful conduct. Defendant Ludwig seeks to capitalize on Plaintiffs' citation to *a single word* from the April 24, 2018 minutes of Ludwig's board ("Minutes") in their claim for unlawful employment discrimination in violation of California law to argue that Plaintiffs should be precluded from using the Minutes as evidence in prosecuting their employment case. That Ludwig has since quoted the same word six times over in its motion to dismiss Plaintiffs' employment action only underscores that this motion is being brought for strategic advantage, not because any unfair prejudice or harm has actually resulted from citation to the word.

The Stipulated Order in this case includes an express carve-out for any disclosures required by law or by order of the court.  Plaintiffs do not view citation of the single word at issue in a related complaint as violating the Stipulated Order because (i) California law requires that such information not be subject to any obligation of confidentiality, (ii) the Plaintiffs' disclosure was required by law to allege a claim and vindicate important rights of Plaintiffs as employees, and (iii) the Stipulated Order is against public policy to the extent construed to permit Ludwig to violate California's whistleblower laws. The Stipulated Order is an agreement, and in agreeing to it, Plaintiffs reasonably understood that it would not be interpreted to permit Defendants to unlawfully suppress information relating to unlawful employment practices, contrary to law and California's public policy.

Even if the Court disagrees with Plaintiffs, as can happen in litigation, there is no basis for sanctions. Plaintiffs' conduct was consistent with law and legal precedents and therefore substantially justified, even if *arguendo*, reasonable minds could differ on the issue. An award of sanctions would also be unjust. As this court has recognized, monetary sanctions (let alone the severe sanction of evidentiary preclusion) are appropriate only in extreme circumstances. Here,

Defendants have themselves acted unjustly in over-designating documents as "confidential," contrary to the good faith required by the Stipulated Order. Within the universe of thousands of such documents, the citation of a single word does not constitute an extreme circumstance warranting sanctions. This is particularly so where Defendants have not shown that the word at issue constitutes propriety information the disclosure of which would cause competitive harm and have not identified any prejudice to their ability to defend any of Plaintiffs' claims. Plaintiffs should not be punished for a good faith reading of California law and the relevant legal precedents that have construed the term, "required by law."

## II.   BACKGROUND FACTS

### A.   The Employment Action

In the above-captioned action ("Low Number Action"), Plaintiffs assert claims relating to, *e.g.*, contract and defamation. Doc. 26.[1] The Scheduling Order set a deadline for any motion "to amend the pleadings, or to file additional pleadings" which was later extended by agreement to May 5, 2021. Doc. 52.

On May 5, Plaintiffs, through employment counsel, filed a complaint in a related case, No. 21-cv-00871 ("Employment Action"), alleging claims against Ludwig for violations of California's labor laws, including discrimination in violation of California's Fair Employment and Housing Act (FEHA). [2] EA Doc. 1. Although the claims allege infringement of different rights, they arise from the same or similar events as the Low Number Action. EA Doc. 2. The Employment Action was transferred to this Court as a related case on May 12. EA Doc. 4.

Defendants' Motion is based on one word that was cited in the Employment Action complaint and in Plaintiffs' submissions to the California Department of Fair Employment & Housing (DFEH), alleged in support of Plaintiffs' claim for

---

[1] Citations to "Doc" are to the docket in the Low Number Action. Citations to "EA Doc" are to the docket in the Employment Action.

[2] Plaintiffs' counsel sent Defendants' counsel a draft of the complaint on May 5 prior to its filing, asking if they had questions or wanted to discuss. Decl., ¶3. Defendants did not respond. *Id.*

1    employment discrimination in violation of FEHA. EA Doc. 1, ¶¶29, 62. On July 6,

2    Ludwig filed a motion to dismiss the Employment Action, that includes quotation

3    to the disputed word six times. *See* RJN, Ex. 1, i, 4, 14, 15.

4    ### B.   **The Stipulated Order**

5    Before a protective order was entered, the parties voluntarily exchanged

     certain documents before the Early Neutral Evaluation (ENE), including the
6
     Minutes. Purely as an interim measure, all of the documents from both sides were
7
     marked as Attorney Eyes Only (AEO). Decl., ¶4. When the parties submitted ENE
8
     statements to the Court, Defendants included the Minutes they had produced as an
9
     exhibit. *Id.* Counsel agreed the individual parties could view the ENE exhibits. *Id.*
10

11    Defendants' characterization that there was a dispute as to the Minutes and

12   they agreed to reproduce them marked confidential rather than AEO to permit

13   Plaintiffs to view them misstates the sequence of events (MPA, 3:16:22 & 6 n.3) –

14   Defendants submitted the Minutes as an exhibit and agreed they could be viewed

15   by Plaintiffs. Decl., ¶4. Almost a month later, on February 22, 2021, the stipulated

16   protective order (Doc. 45, "Stipulated Order") was entered. Both sides then

17   reproduced all of the documents they had earlier exchanged, including that

18   Defendants reproduced the Minutes marked confidential. *Id.*, ¶5. Plaintiffs had

19   expressed in meeting and conferring prior to entry of the Stipulated Order that

20   Defendants' earlier production should not be designated confidential. *Id.*, ¶6.

21    As production continued, Plaintiffs objected to Defendants' boundless over-

22   designation of documents, in writing, both before and after the Employment Action

23   was filed. *Id.* Defendants have designated approximately 87% of their document

24   production to date as confidential or AEO (2,715 of 3,122 documents). *Id.*, ¶7.

25   Plaintiffs brought a motion for de-designation that is pending. Doc. 67, 75, 78.

26    The Stipulated Order identifies that its purpose is to "protect the

27   confidentiality . . . as much as practical" of "trade secret or other confidential

28   research, technical, cost, price, marking or other commercial information, as is

3

contemplated by Federal Rule of Civil Procedure 26(c)(1)(G)." Stipulated Order, 2:1-5. Given this narrow purpose, the order requires, in first instance, that any confidentiality designation must be based on "an articulable, good faith basis." *Id.*, ¶4. As Plaintiffs have detailed, Defendants' blanket designation of documents is not in good faith, thereby violating the Stipulated Order. Doc., 67, 1; Doc. 78, 1-4.

On May 10, Defendants' counsel emailed Plaintiffs' counsel objecting to the word cited to the DFEH and in the Employment Action. Plaintiffs responded the next day explaining their view that they had not violated the Stipulated Order. The parties continued their written exchange and ultimately, participated in a telephonic conference. Decl., ¶8.[3] Plaintiffs confirmed that the only information shared with Plaintiffs' employment counsel was the word that appeared in the complaint and no copy of the Minutes was shared. *Id.* Defendants did not ask Plaintiffs to take any action. *Id.* The parties then participated in an informal discovery conference.[4]

## III.   PLAINTIFFS DID NOT VIOLATE THE STIPULATED ORDER

The key issue in resolving the Motion is the construction of the phrase in the Stipulated Order, a "disclosure [ ] required by law."  Plaintiffs' use of a word from the Minutes to support an age discrimination claim is not a violation of the express terms of the order because it was a disclosure "required by law." To rule otherwise would be contrary to the objective plain meaning of the order as interpreted under relevant precedents, would render the order against public policy, and being contrary to California law, would contravene the Rules Enabling Act.

### A.   The Plain Meaning of the Stipulated Order Permits the Disclosures in the DFEH Submission and Employment Action

The Stipulated Order is to be interpreted in the same manner as an ordinary contract. *See United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975)

---

[3] Defendants omit the context in which Plaintiffs' privilege concerned was raised as well as their response. Decl., ¶8 Contrary to the suggestion of unwillingness, Plaintiffs conferred in detail both in writing and telephonically following that. *Id.*
[4] Defendants incorrectly state Plaintiffs admitted at the discovery conference there is no law requiring disclosure of the Minutes. Plaintiffs asserted at the conference that the word at issue falls within Section 20 of the Stipulated Order.

("[A] consent decree or order is to be construed for enforcement purposes basically as a contract."). A disclosure that is required to properly allege an age discrimination claim is a disclosure required by law.

Section 20 of the Stipulated Order states:

Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

Under this clear language, if information is *required by law* to be disclosed, it may be disclosed. No "confidential" designation placed upon information by a party can override that, because if a disclosure is required by law, "[n]othing within this Order will be construed *to prevent disclosure* of *confidential* information." The Stipulated Order contains no notice requirement before such disclosure is made. Nor is external compulsion (such as a subpoena, process or order) required for a disclosure to be "required" by law.

Rather, "law" means all laws. *See ICG Commc'ns, Inc. v. Allegiance Telecom*, 211 F.R.D. 610, 612-13 (N.D. Cal. 2002) (explaining in the context of a statute that "required by law" is not limited to an order of the court, but that law includes the panoply of rules, statutes and regulations)*; see also Levy v. Guiterrez*, 14cv443, 2017 WL 2191592, n. 13 (D.N.H. May 4, 2017) (disclosure "required by law" includes disclosures in compliance with securities laws); *State Farm Fire & Cas. Co. v. Admiral Insur. Co.*, 225 F.Supp.3d 474, 486 (D.S.C. 2016) (disclosure "required by law" includes discovery responses because under Rule 26 a party is entitled to discovery of non-privileged, relevant information).

A disclosure required to allege or preserve a legal claim is also a disclosure required by law. In *Marine Midland Realty Credit Corp. v. LLMD of Michigan, Inc.,* 821 F.Supp.370 (E.D. Penn. 1993), plaintiff asserted defendant breached the confidentiality provision in a settlement agreement where defendant filed a lawsuit disclosing settlement information. The confidentiality clause allowed for disclosure if "required by law or by judicial or administrative process or regulation." *Id.* at

5

373.[5] The court rejected the argument that the language "required by law" was limited to defendant being "compelled" to file the lawsuit, explaining that although defendant did not have an "affirmative duty" to file the suit, such a reading is "much too narrow." *Id.* Rather, a "legal requirement is not limited to a situation where failure to comply will result in a fine or other punitive order . . . . The law requires many acts where the consequence for failure to comply is not punishment *per se* but the denial or loss of an important right or privilege. Such acts are in reality just as much legal requirements as where punitive action may result."[6]

Here, as in *Marine Midland*, Plaintiffs' "[f]ailure to file the" Employment Action, would mean having "to forego . . . important" rights. 821 F.Supp. 370, at 373; *see also Olney v. Job.com*, 12cv01724, 2014 WL 4629062, *8 (E.D. Cal. Sept. 15, 2014) (explaining it is unlikely that a stipulation that "essentially precludes a party from filing a separate lawsuit based on allegedly wrongful behavior evidenced by discovery marked 'confidential' . . . would be enforceable as a matter of public policy.").

The law requires claims to be filed, or the rights sought to be vindicated are lost. In filing when they did, Plaintiffs were seeking to meet the timing under the Scheduling Order which set May 5 as the amendment and pleading deadline, so as not to be accused of being dilatory. Despite having done so, Ludwig is still arguing the Employment Action is a "belated attempt to expand" Plaintiffs' claims. RJN, Ex. 1, at 1. The law also requires that a pleading must contain a short and plain statement of the claim. Fed. R. Civ. Proc. 8(a)(2). Here, Plaintiffs needed to allege the basic facts supporting their age discrimination claim in order to satisfy that

---

[5] There should be no difference in the construction of such language in a non-disclosure agreement versus a stipulated protective order.  Each is a contract and their purpose is the same.
[6] The Ninth Circuit's decision in *County of Santa Clara v. Astra USA, Inc.*, 540 F.3d 1094, 1105 (9th Cir. 2008), later vacated, is not to the contrary. There the court commented by way of example that a "court's discovery order compelling the production of documents would be a disclosure 'required by law'" – but, the court by no means limited the scope of the phrase to such.

1  legal requirement. In seeking dismissal of the discrimination claim, Ludwig has

2  argued that Plaintiffs did not plead enough facts, not that they plead facts

3  unnecessarily. *See id.*, at 14-16.

4      Devoting very little briefing to this issue, Defendants argue without citation

5  to authority that "required by law or by order of the Court" means being "subject to

6  a subpoena or other compulsory process" (MPA, 6) – but such language is absent

7  from Section 20. If the scope of the carve-out were so limited, the Stipulated Order

8  would have had to say that. It does not. [7] Section 20 is *disjunctive*, permitting

9  disclosure if "required by law *or* by order of the Court." That necessarily means

10  that "required by law" does not require a court order – otherwise, the language "or

11  by order of the Court" would improperly be rendered mere surplussage.

12      **B.    The Stipulated Order Must be Construed in a Manner Not to Be Against Public Policy**

13      California's substantive law, which must be applied in a diversity case,

14  prohibits an employer like Ludwig from requiring information about illegal

15  workplace discrimination to be kept confidential. Cal. Labor Code §1102.5(a) &

16  (b) (employer cannot enforce any rule, regulation, or policy preventing an

17  employee from disclosing information reasonably believed to disclose a statutory

18  violation and cannot retaliate for disclosure). Labor Code §1102.5 reflects a strong

19  public policy of the State. *See Harris v. City of Santa Monica*, 56 Cal.4th 203, 230-

20  31 (2013) ("As we have said, the public policy against employment discrimination

21  inures to the benefit of the *public at large* rather than to a particular employer or

22  employee.").[8] The California statue has operative effect against the disclosing party

23

24  [7] *See also* Negotiated Acquisitions of Companies, Subsidiaries and Divisions (LJP) (2021 ALM Media Properties, LLC) § 9.02, explaining that under generally

25  accepted drafting principles, "[t]he point at which the [recipient] may unilaterally disclose such information ranges from the mere receipt of advice of [recipient's]

26  counsel as to the necessity of such disclosure being required by law to the requirement that the [recipient] stand liable for contempt if such information is not

27  disclosed." The language "required by law," should be construed as falling within the first, more relaxed, category. *Id.*

28  [8] Also relevant is California Government Code §12964.5(a) (employer cannot require an employee to sign a document as a condition to employment that purports

7

as well as the recipient.  Under the law, Plaintiffs' disclosure of the facts of Ludwig's illegal conduct as required to allege their claim is protected. But *Ludwig* was also *required by law* to refrain from imposing any obligation of confidentiality on information they were otherwise required to produce under Federal Rule of Civil Procedure (FRCP) 26.  Ludwig is also required to refrain from retaliating against Plaintiffs for the act of disclosing such information. An agreement to nullify Labor Code §1102.5—*either* to restrict Plaintiffs' legal right to disclose such facts or to permit Ludwig to keep them confidential—would be void.[9]

This Court provided a thoughtful evaluation of this issue, concluding that a confidentiality clause that prohibits necessary disclosure of a claim under Labor Code §1102.5 would be void as against public policy and *unenforceable*.  In *Erhart v. BofI Holding Inc.*, 15cv02287, 2017 WL 588390, *10 (S.D. Cal. Feb. 14, 2017), this court ruled that for disclosures of such claims, despite a confidentiality agreement, "the public policy in favor of whistleblower protection clearly outweighs the interest in the enforcement of the agreement, and the agreement is unenforceable." To this end, the court noted the "strong public policy protecting whistleblowers" and that "whistleblowers often need documentary evidence to substantiate their allegations." *Id* at *12.  Here, as in *Erhart*, Plaintiffs needed to substantiate their allegations to the DFEH, and in the Employment Action. Moreover, Plaintiffs were not indiscriminate in the information used. *Cf. id*. at *13. Plaintiffs disclosed **no** documents. Only ***one word*** was disclosed, as contained in their pleadings, and such was essential to support their discrimination claim.

California law *requires* that information about an employer's illegal workplace discrimination be without any confidentiality restriction. The Stipulated

---

to deny the employee the right to disclose unlawful workplace acts). Exposing workplace discrimination to sunlight is an important public policy of California. *See* Cal. Gov't Code §12964.5(b).

[9] Ludwig's present bid to punish Plaintiffs for disclosing information in their discrimination claim violates the anti-retaliation provision of Section 1102.5 and Plaintiffs accordingly reserve all rights.

8

Order permits disclosure of information that is required by law to be disclosed.  In fact, this language serves the purpose of saving the Stipulated Order from being against public policy by allowing the type of disclosures as were made by Plaintiffs under Labor Code §1102.5(b). As a matter of contract, Plaintiffs could not possibly have intended that the Stipulated Order would be construed in a manner that would allow Ludwig to violate California law. Cal. Civ. Code §§1643; 3541. The Stipulated Order should not now be interpreted by this Court in a manner that would render it contrary to California law or render the parties' agreement void, *id.*, and thus Plaintiffs' disclosures of illegal conduct for purposes of alleging an unlawful employment practices claim should be permitted.

**C.    The Stipulated Order Must Be Construed in a Manner That Does Not Violate the Rules Enabling Act**

Similarly, the Stipulated Order should be construed in a manner consistent with the Rules Enabling Act.  The Supreme Court has stated that federal rules should be interpreted to avoid conflicts with state law. *See Shady Grove Ortho. Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 418-19 (2010) ("[F]ederal rules must be interpreted with some degree of sensitivity to important state interests and regulatory policies and applied to diversity cases against the background of Congress' command that such rules not alter substantive rights and with consideration of the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts."); *id.* at 442 (Ginsburg, J., dissenting) ("[F]ederal courts have been cautioned by this Court to interpret the Federal Rules with sensitivity to important state interests and a will to avoid conflict with important state regulatory policies."). To the extent a Federal Rule is construed in a manner that abridges or modifies state-law substantive rights, it is inconsistent with the Rules Enabling Act.

The Stipulated Order is based on the authority of FRCP 26(c)(1)(G) and states (at 2:1-5) that its purpose is to "protect the confidentiality . . . as much as

practical" of certain confidential information, "as is contemplated by" FRCP 26(c)(1)(G). FRCP 26(c) does not permit a protective order without "good cause." There is no "good cause" and it would be neither practical nor appropriate under the Rules Enabling Act to order confidential treatment of materials that California law says an employee cannot be prevented from disclosing, where California law provides the rule of decision in this diversity case.

## IV.     THERE IS NO BASIS FOR SANCTIONS

Even if the Court were to disagree with Plaintiffs' application of the Stipulated Order, there are no grounds for sanctions because Plaintiffs' conduct was substantially justified and harmless and sanctions would be unjust.[10]

### A.     An Evidentiary Sanction is Extreme and Unwarranted

Defendants primarily seek an order under FRCP 37 preventing Plaintiffs from using the Minutes in the Employment Action. Preclusion of evidence is among the most severe of sanctions. *See Conforto v. Mabus*, 12cv1316, 2014 WL 12560881, *4 (S.D. Cal. Sept. 24, 2014). Given its severity, the "burden is on the party moving for exclusionary sanctions to present evidence that it suffered 'undue prejudice' as a result of its opponent's alleged misconduct." *Id.* Defendants have presented no such evidence.

The cases cited by Defendants, *Lewis v. Ryan¸* 261 F.R.D. 513 (S.D. Cal. 2009) and *Life Tech. Corp. v. Biosearch Tech., Inc.*, 2012 WL 1600393 (N.D. Cal.

---

[10] Defendants reference the inherent authority to sanction in their motion, but no discussion appears in their brief, which should result in waiver. Even if considered, sanctions would likewise be unwarranted for the same reasons set out herein. Additionally, while the willful violation of an order can support exercise of a court's inherent authority, it requires deliberate disobedience. It is not the case here that Plaintiffs knew they were violating the order and chose not to comply upon realizing compliance "would cause [them] additional time and work" as was the case in *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). Moreover, such authority must be exercised lightly and courts in this district have recognized that sanctions generally are not warranted absent bad faith. *See, e.g.*, *Hawkins v. Kroger Co.*, 15cv2320, 2020 WL 6150040, *5 (S.D. Cal. Oct. 20, 2020 ("Before awarding . . . sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith.").

May 7, 2012) are not to the contrary. *Lewis* is a spoliation case. There, the court found evidence may be precluded if it would "unfairly prejudice" the ability of the other party to respond to it given the spoliation. *Id.* at 522. Further, exclusion is not appropriate where conduct "was either substantially justified or harmless." *Id.* In *Life Tech.*, the court similarly stated "[w]hen a court excludes evidence under Rule 37, the court should do so only where there is a finding of prejudice to the nonoffending party." 2012 WL 1600393, *11.

### 1.   There is No Prejudice or Harm

Defendants argue that evidentiary exclusion in the Employment Action would put the parties in the same position as if Plaintiffs had not cited the lone word from the Minutes in their complaint. This is a fallacy. An evidentiary exclusion would effect a strategic windfall to Defendants – preventing Plaintiffs from trying their claims on the merits – which is precisely Ludwig's goal and what California law prohibits. Even a basic discovery request in the Employment Action would result in production of the Minutes, and Plaintiffs could use the document to support their case regardless of the asserted confidentiality. As the Ninth Circuit has recognized, "[p]rivacy of proprietary information, not immunity from suit, was the legitimate purpose of the protective order." Go-*Video v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 696 (9th Cir. 1993); *cf. also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.").

Moreover, as a factual matter, Plaintiffs did not disclose the Minutes themselves. Again, the dispute is as to a single word from the Minutes. Defendants make no attempt to show that this single word constitutes competitively sensitive commercial information of the kind that the Stipulated Order was intended to protect and correlatively that they have suffered undue prejudice tied to the purpose of the order. Defendants argue they are harmed because Ludwig's

11

confidence "that any of its confidential material can be protected effectively in this case" is undermined. MPA, 9:5-8. This is unreasonable given the exceedingly narrow scope of the issue at hand which relates one word out of thousands of pages of documents Defendants have designated as confidential.

Defendants also speculate the use of the single word undermines Board members' confidence to speak frankly at meetings. This is likewise unpersuasive given the *de minimis* nature of the disputed disclosure. Further, similar facts from the Minutes, such as the Board's decision to close the Branch at the end of 2023 – the subject of the Minutes – has already been made public knowledge, and Ludwig has willingly disclosed the Board's judgment. *See* Doc. 14-1, 21.[11] Even more, the supposed harm Ludwig points to has nothing to do with prejudice to Ludwig's ability to defend the claims against it. *Cf. Lewis*, 261 F.R.D. at 522 (identifying potential prejudice where conduct "leave[s] the opposing party without sufficient means to respond" to an issue); *Carl Zeiss Vision Int'l GmbH v. Signet Armorlite Inc.*, 07cv0894, 2009 WL 10668659, *2 (S.D. Cal. Mar. 12, 2009) ("Sanctions interfering with a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.").[12]

## 2. Plaintiffs are Substantially Justified

Although lack of prejudice is sufficient to deny the severe sanction of evidentiary exclusion, Plaintiffs were also substantially justified. Discovery conduct is substantially justified if there is a "genuine dispute" or if "reasonable people" could differ as to the merits of the contested action. *Hahn v. Mass. Envy Franch., LLC*, 12cv153, 2014 WL 12899320, *1, 3 (S.D. Cal. Aug. 22, 2014).

---

[11] "The Board took the action it did because in its judgment the Branch is not having an impact on cancer commensurate with the quality and seniority of its scientists . . . ."

[12] The lack of any harm or prejudice is underscored by Defendants having willingly submitted the Minutes with their ENE statement, and Ludwig quoting the disputed word six times in its filing in the Employment Action.

Here, at a minimum, reasonable people could differ on the meaning on the language "required by law or by order of the Court" as reflected in the authorities cited by Plaintiffs in Section III above and applied in the context of California's substantive law. Defendants cited no authority in their briefing supporting the limited scope of Section 20 of the Stipulated Order for which they argue, including that they identified no controlling Ninth Circuit authority on the point. The "issue presented is not one free from doubt" but rather, is a genuine dispute as to which reasonable advocates could differ. *Hahn*, 2014 WL 12899320, *2 (declining sanctions where "the dispute before the Court was neither entirely frivolous, nor completely unfounded"). Even more, as discussed above it was reasonable for Plaintiffs to construe the Stipulated Order in a manner that would not allow for Ludwig to violate California law or render the parties' agreement void.

## B.     Imposition of Sanctions Would be Unjust

Defendants additionally seek monetary sanctions. Under Rule 37 (as well as Rule 16(f) if it were applicable[13]), monetary sanctions are improper where a party's conduct "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(b)(2)(C).

In addition to substantial justification discussed above, an award of monetary sanctions would also be unjust under the circumstances. This court has held that monetary sanctions under Rule 37(b)(2)(C) "are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." *Youngevity Int'l v. Smith*, 16cv704, 2019 WL 157269, *2 (S.D. Cal. Jan. 10, 2019). "While disobedient conduct not showing to be outside of the litigant's control meets the Ninth Circuit's standard for granting sanctions as a

---

[13] Rule 16(f) applies to the failure to "obey a scheduling order or other pretrial order" but a protective order is neither. "A pretrial order is not any order issued by the Court before trial; it is a specific type of order entered at the close of the pretrial conference. . . . Rule 16 defines a pretrial order as an order issued after a pre-trial conference that recites and controls the course of the action." *Canon Sols. Am., Inc. v. Gungap,* 14-1990, 2016 WL 9108916, *4 (C.D. Cal. Feb. 8, 2016).

general matter, the Ninth Circuit also recognizes that not all disobedient conduct is of the same order." *Id.; see also Finjan, Inc. v. Eset, LLC*, 17cv183, 2019 WL 1429596, *7 (S.D. Cal. Mar. 29, 2019) (while "a finding of bad faith is not a requirement for imposing sanctions, good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust.").

In *Youngevity,* the court found that even if a party had violated a protective order by making three disclosures, monetary sanctions would be unjust because the circumstances were not "sufficiently extreme." *Id.* The court noted the moving party had produced many documents, marking 98% of them confidential, which "relative to the very minimal alleged disclosures . . . constitutes precisely the kind of circumstances provided for . . . that would make an award of attorney's fees unjust." *Id.* The court also reasoned "there is no showing of bad faith or prejudice" and that the party had otherwise adhered to the order. *Id.*

Here, even more so than in *Youngevity* where multiple disclosures were alleged, the disputed disclosure of a single word (with legal basis) from one document is "very minimal" compared to Defendants' production as a whole, of which approximately 87% has been marked confidential. Likewise, there has been no showing of bad faith or prejudice and there is no issue of Plaintiffs' compliance with the Stipulated Order aside from the present dispute. The court may also consider whether the moving party acted unjustifiably. *See Hahn*, 2014 WL 12899320, *1. Defendants have acted unjustifiably in seeking to punish Plaintiffs for exercising their rights under Labor Code §1102.5(b) and by in making blanket confidentiality designations contrary to "good faith" requirement of the Stipulated Order which also imposes unnecessary costs. *See* CivLR 2.1.a.2.g.

Defendants' citation to *Mahboob v. Educ. Credit Mgmt. Corp.*, 2012 WL 818971 (S.D. Cal. Mar. 2, 2021) does not change this analysis. There, plaintiff sought to amend to add a different class representative, which motion was denied

14

while defendant appealed certification. *Id.* at 2. Plaintiff's counsel then filed in another forum using the different representative. *Id.* The court found plaintiff violated the protective order in the first suit that limited the use of confidential material to prosecuting, defending or attempting to settle that case by filing "an entirely different lawsuit in another forum." *Id.* at *3.

First, unlike this case, there was no issue raised in *Mahboob* that the disclosure was one required by law under the order. Second, counsel in *Mahboob* brought suit in a different forum in an apparent attempt to circumvent denial of its motion to amend and an appeal of class certification and did so in a context where use of information to solicit class members can be uniquely subject to abuse. *See Hernandez v. Best Buy Stores, L.P.*, 13cv2587, 2015 WL 7176352, *6 (S.D. Cal. Nov. 13, 2015). No similar facts exist here. Plaintiffs filed a related case, that Ludwig has argued is "overlapping" (RJN, Ex. 1, 1). The case was transferred to the same Court and which is subject to "coordinated discovery and case management procedures." *Sanchez v. Servis One, Inc.*, 18cv0586, 2018 WL 2329717, *2 (S.D. Cal. May 23, 2018). There is no functional difference for purposes of the Stipulated Order to Plaintiffs having filed the same claims as an amendment. Plaintiffs relied upon an unambiguous California statute that makes unlawful any obligation of confidentiality regarding the facts of an employer's discriminatory conduct in order to *encourage* employees to report such unlawful acts.[14] That statute became part of the order by operation of law. *See* 1 Witkin, Summary 11th Contracts § 775 (2021). Plaintiffs' followed the plain language of the Stipulated Order in acting to vindicate their rights as employees consistent with California law in filing the claims in an additional complaint.

## V.   **CONCLUSION**

Plaintiffs respectfully submit that the motion should be denied.

---

[14] Whistleblower laws and the right to allege information to support legal claims have heightened importance in light of the #Me Too movement.

15

1

2                                          Respectfully submitted,

3    DATED: July 23, 2021                   BARNES & THORNBURG LLP

4
                                            By:  */s/ Ali M.M. Mojdehi*
5                                               Ali M.M. Mojdehi

6                                           Attorneys for Plaintiffs/Counter-defendants,
                                            Doctors Don Cleveland, Arshad Desai,
7                                           Frank Furnari, Richard Kolodner, Paul
                                            Mischel, Karen Oegema and Bing Ren
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28