**MILBANK LLP**
Gary N. Frischling (SBN 130583)
Mark D. Villaverde (SBN 331876)
Ayana Sumiyasu (SBN 307957)
Allison Markowitz (*pro hac vice*)
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (231) 629-5063
Email: gfrischling@milbank.com

*Attorneys for Defendants/Counter-Claimants Ludwig Institute for Cancer Research Ltd., Chi Van Dang, Edward A. McDermott, Jr., and John L. Notter*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLEVELAND, an individual; ARSHAD DESAI, an individual; FRANK FURNARI, an individual; RICHARD KOLODNER, an individual; PAUL MISCHEL, an individual; KAREN OEGEMA, an individual; and BING REN, an individual,<br><br>Plaintiffs/Counter-defendants,<br><br>vs.<br><br>LUDWIG INSTITUTE FOR CANCER RESEARCH LTD., a corporation; CHI VAN DANG, an individual; EDWARD A. McDERMOTT, JR., an individual; JOHN L. NOTTER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants/Counter-claimants. | Case No.: 3:19-cv-02141-JM-JLB<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS /COUNTER-CLAIMANTS' MOTION FOR SANCTIONS FOR PLAINTIFFS' VIOLATION OF THIS COURT'S PROTECTIVE ORDER**<br><br>Department: 5D<br>Judge: Hon. Jeffrey T. Miller<br>Magistrate Judge: Hon. Jill L. Burkhardt<br><br>Initial Compl. Filed:      Nov. 7, 2019<br>Am. Compl. Filed:          Jan. 30, 2020<br>Second Am. Compl. Filed: July 8, 2020<br><br>Date: August 6, 2021<br>Place: Suite 5140<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## TABLE OF CONTENTS

A. Plaintiffs' Disclosure Was Not "Required by Law" ........................................... 1

B. The PO Is Not Against Public Policy or in Violation of California Law ......... 3

C. The PO Does Not Violate the Rules Enabling Act ............................................ 3

D. There is Ample Basis for Defendants' Requested Sanctions ........................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Erhart v. Bofl Holding, Inc.*,
  2017 WL 588390 (S.D. Cal. Feb. 14, 2017) ........................................................ 3

*Harmston v. City & Cty. of San Francisco*,
  2007 WL 3306526 (N.D. Cal. Nov. 6, 2007) ...................................................... 5

*Marine Midland Realty Credit Corp. v. LLMD of Michigan, Inc.*,
  821 F. Supp. 370 (E.D. Pa. 1993) ................................................................. 1, 2

*O'Connor v. Uber Techs., Inc.*,
  2017 WL 6504064 (N.D. Cal. Sept. 6, 2017) ...................................................... 5

*On Command Video Corp. v. LodgeNet Ent. Corp.*,
  976 F. Supp. 917 (N.D. Cal. 1997) ..................................................................... 4

*Paice, LLC v. Hyundai Motor Co.*,
  2014 WL 3533667 (D. Md. July 11, 2014) ......................................................... 2

*Waitt v. Internet Brands, Inc.*,
  2011 WL 13214104 (C.D. Cal. Jan. 6, 2011) ...................................................... 1

**Statutes**

California Government Code § 12964.5(a) ............................................................. 3

California Labor Code § 1102.5 .............................................................................. 3

The Opposition (ECF 83, "Opposition" or "Opp.") does not dispute that Plaintiffs shared with unauthorized third parties the contents of the April 2018 Minutes[1] produced in this action and designated as confidential under the PO, quoted and relied on the contents of those minutes in their publicly-filed complaint in their separate New Action, and disclosed the quoted language in their DFEH submissions.  Instead, it largely repeats Plaintiffs' theory that they were free to disclose the minutes because they unilaterally concluded such disclosure would support their claims in the New Action and thus disclosure was "required by law."  To this Plaintiffs now add that no sanctions should issue because Plaintiffs' disclosure was substantially justified and did not harm Defendants.  Defendants respectfully urge the Court to order the narrowly-tailored sanctions they seek to ensure that Plaintiffs are not rewarded for their willful violation of the PO, assure the Institute's own confidential information will not be used against it improperly, and disincentivize the conduct at issue.

## A.     Plaintiffs' Disclosure Was Not "Required by Law"

Paragraph 20 of the PO states: "Nothing in this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court."  PO ¶ 20.  Of course, Plaintiffs were not "required by law" to file the New Action at all.  And Plaintiffs certainly "were not *required by law* to file a complaint that recited, verbatim, [language from the April 2018 Minutes]."  *Waitt v. Internet Brands, Inc.*, 2011 WL 13214104, at *1 (C.D. Cal. Jan. 6, 2011) (emphasis in original).  Plaintiffs claim their improper disclosure and use of the minutes were in fact "required by law" because "[t]he law requires claims to be filed," "[t]he law also requires that a pleading must contain a short and plain statement of the claim," and "Plaintiffs needed to allege the basic facts supporting their age discrimination claim in order to satisfy that legal requirement."  Opp. at 6-7.  In support, Plaintiffs offer a single distinguishable case, *Marine Midland Realty Credit Corp. v. LLMD of*

---

[1] Capitalized terms not otherwise defined have the same meanings as in the Motion (ECF 80-1).

*Michigan, Inc.*, 821 F. Supp. 370 (E.D. Pa. 1993) (cited at Opp. at 5-7), which addressed a dissimilar situation. There, a litigant filed a new lawsuit in state court against its former expert witness seeking damages because, due to the expert's errors in a prior trial, the litigant had settled for less than the lost profits it had sustained. In the new suit the litigant "was careful not to set forth" the confidential settlement amount in its complaint. *Id.* at 372. Nonetheless, its prior opponent filed a suit in federal court seeking an injunction against any disclosure of the settlement amount in the new lawsuit. The agreement at issue was a private settlement contract, interpreted under Pennsylvania law, in which the court observed that at the time it was signed the contracting parties "must have been aware of the distinct possibility of [the new] lawsuit by LLMD against its expert . . . . The events in question had occurred in the courtroom before their very eyes." *Id.* at 373-74. Moreover, the court observed, "the settlement figure must ***necessarily*** be disclosed in order to obtain legal redress." *Id.* at 373 (emphasis added). Here, unlike in *Marine Midland*, (i) the agreement in question, the PO, is a court order; (ii) there is no basis to believe the Court (or the parties) contemplated "the distinct possibility" of a new action when entering the PO; (iii) to the contrary, the PO explicitly states that confidential information "must be used only for purposes of this action," PO ¶ 14; (iv) Plaintiffs' unilateral disclosure was not "necessary" because they had the ability under the PO to seek to de-designate the minutes, to seek leave to add the new claims to the current case and file under seal, or to obtain other relief by consent or from this Court; and (v) Plaintiffs do not contend that the contents of the minutes "must necessarily be disclosed" for them to obtain legal redress (though they contend the disclosure is helpful to them in attempting to plead their new claim). *See, e.g.*, *Paice, LLC v. Hyundai Motor Co.*, 2014 WL 3533667, at *5 (D. Md. July 11, 2014) (distinguishing *Marine Midland* and noting inapplicability where disclosure not "necessary").

### B. The PO Is Not Against Public Policy or in Violation of California Law

Plaintiffs claim that reading the PO to prevent their disclosure and use of the April 2018 Minutes in connection with the New Action would be contrary to California Labor Code § 1102.5 and thus "void as against public policy and unenforceable." Opp. at 7. But Labor Code § 1102.5 is inapplicable.[2] It prevents an employer from "mak[ing], adopt[ing], or enforc[ing] any rule, regulation, or policy preventing" an employee from disclosing information about a violation of law. *Id.* This motion does not involve an Institute employment rule or policy, but rather a court order. The case that Plaintiffs cite, *Erhart v. Bofl Holding, Inc.*, 2017 WL 588390 (S.D. Cal. Feb. 14, 2017), is inapposite. Opp. at 8. The court in *Erhart* permitted an employee's violation of his *contractual* employee confidentiality agreement because whistleblower protections outweighed the public policy considerations favoring enforcing private confidentiality agreements. Nothing in *Erhart* (or § 1102.5) authorizes violation of a court order and, in any event, the public policy considerations in *Erhart* are inapplicable because the PO here contains mechanisms for Plaintiffs to dispute confidentiality designations or otherwise obtain relief. Moreover, the information at issue is not something Plaintiffs learned in the course of their work, but rather was obtained using the discovery powers of this Court. California law does not (and cannot) preclude this Court from managing discovery by imposing confidentiality requirements in the PO, as authorized by Rule 26, nor grant Plaintiffs *carte blanche* to disregard the requirements of the PO.

### C. The PO Does Not Violate the Rules Enabling Act

Plaintiffs also claim that enforcing the PO would violate the Rules Enabling Act because of the purported conflict with California law and because "it would be neither practical nor appropriate under the Rules Enabling Act to order confidential treatment of materials that California law says an employee cannot be prevented from

---

[2] As is California Gov't Code § 12964.5(a) (Opp. at 7 n.8), as this dispute does not involve an employee required to sign any document as a condition to employment.

disclosing." Opp. at 9-10.  As an initial matter and for the reasons noted above, the protections afforded by the PO are not inconsistent with California law.  Plaintiffs' argument is also nonsensical because the information at issue was obtained pursuant to the very rule (Rule 26) that simultaneously authorized the Court to control discovery through entry of the PO.  Moreover, Plaintiffs' arguments are premised on the assertion that the April 2018 Minutes should not be deemed confidential in the first place, a dispute for which Plaintiffs had a remedy under paragraph 13 of the PO that they elected to skip in favor of self-help.

**D.     There is Ample Basis for Defendants' Requested Sanctions**

Plaintiffs contend that even if they violated the PO, the Court should decline to award the sanctions Defendants seek because they are extreme and unwarranted, Plaintiffs' conduct was substantially justified and harmless, and any sanction would be unjust.  None of these arguments has merit.

First, though Plaintiffs contend that evidentiary sanctions are extreme and unwarranted, Opp. at 10-11, Defendants' request is narrowly focused on Plaintiffs' use of the April 2018 Minutes; Defendants do not seek by this Motion to terminate Plaintiffs' age discrimination claim in the New Action nor limit their ability to use other properly obtained documents.  Evidentiary sanctions are entirely appropriate here. *See, e.g.*, *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 922 (N.D. Cal. 1997) (finding that plaintiff "violated the plain terms" of a protective order by using confidential information to file a separate lawsuit and barring plaintiff's use of that information "except in the instant litigation").

Second, Plaintiffs argue that evidentiary sanctions are inappropriate under Rule 37 because their improper disclosure was "*de minimis*" and purportedly did not prejudice or harm Defendants.[3]  Opp. at 11-12.  Plaintiffs cite no authority that their

---

[3] Plaintiffs contend that Defendants could not have been harmed by Plaintiffs' disclosure and use of the minutes in connection with the New Action because in moving to dismiss the New Action as inadequately pled, the Institute repeated Plaintiffs' allegations quoting the minutes.  Opp. at 3, 12.  But Plaintiffs ignore that

-4-

disclosure was *de minimis* especially in view of the record here—which indicates Plaintiffs were well aware that the minutes were designated confidential when they disclosed them. Moreover, the qualitative harm here is not "*de minimis*," as it includes Defendants' need to respond publicly to this dispute, the collateral effects of reduced confidence in the PO, the corresponding increase in costs of litigation, and the undermined confidence among Institute Board members to speak frankly at meetings.[4]

Third, Plaintiffs contend that both evidentiary and monetary sanctions are inappropriate because "reasonable people" could differ with respect to whether Plaintiffs' actions were authorized under the PO. Opp. at 12-15.[5] But for the reasons discussed above, Plaintiffs' interpretation of the PO is not reasonable. Even if there were a reasonable argument that California law and public policy could provide a basis for de-designation or other relief from the PO, Plaintiffs did not seek such relief here.[6] Plaintiffs offer no reason why they could not have achieved their desired result—attempting to assert their claim in the New Action—while also complying with the PO. Plaintiffs' resort to self-help was thus not "substantially justified."

---

by the time the Institute filed its motion to dismiss, the harm from Plaintiffs' PO violation was done. Moreover, Plaintiffs' contention is ill conceived. If a defendant's repetition of improperly-made allegations in moving to dismiss claims somehow immunized protective order violations, that would unfairly hamstring the ability of victims of such violations to defend against such claims.

[4] Although Plaintiffs contend that the harm Defendants suffered cannot support evidentiary sanctions because they "ha[ve] nothing to do with prejudice to Ludwig's ability to defend the claims against it," Opp. at 12, nothing Plaintiffs cite indicates that evidentiary sanctions may issue only in such circumstances.

[5] Plaintiffs claim that Rule 16(f) sanctions do not apply to the failure to obey a protective order. Opp. at 13 n.13. Courts have held otherwise. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 2017 WL 6504064, at *1 (N.D. Cal. Sept. 6, 2017) (Rule 16(f)(2) "authoriz[es] sanctions for violations of pretrial orders, including protective orders").

[6] The propriety of the designation is "besides the point" because "that designation, even if later determined to be improper, remains in place until the Court orders otherwise after a properly-presented challenge." *Harmston v. City & Cty. of San Francisco*, 2007 WL 3306526, at *6 (N.D. Cal. Nov. 6, 2007).

| | | |
|---|---|---|
| 1 | DATED: July 30, 2021 | Respectfully submitted, |
| 2 | | MILBANK LLP |
| 3 | | By: *s/ Gary N. Frischling* |
| 4 | | *Attorneys for Defendants/Counter-Claimants Ludwig Institute for Cancer Research Ltd., Chi Van Dang, Edward A. McDermott, Jr., and John L. Notter* |
| 7 | | Email: gfrischling@milbank.com |