UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLEVELAND, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>LUDWIG INSTITUTE FOR CANCER RESEARCH LTD, et al.,<br><br>　　　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 19cv2141 JM (JLB)<br><br>**ORDER ON PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 19, 2021 ORDER** |

Presently before the court are Plaintiffs' Objections to Magistrate Judge Burkhardt's August 19, 2021 Order on Plaintiffs' Motion to De-designate. (Doc. No. 96). Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, Plaintiffs' objections are **OVERRULED.**

### RELEVANT BACKGROUND

The underlying dispute arises from Defendants' designation of documents as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" under the

1

19cv2141 JM (JLB)

Protective Order. (Doc. No. 96-1 at 5).[1] On June 4, 2021, Plaintiffs filed a motion to de-designate. (Doc. No. 67-1). In their Motion, Plaintiffs sought to de-designate a large percentage of documents Defendants had designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY"—identified in Exhibit A to Plaintiffs' Motion. (Doc. Nos. 67-1 at 9; 67-2).

On August 19, 2021, the Hon. Jill L. Burkhardt held a hearing via videoconference on Plaintiffs' Motion. (Doc. No. 92). At the hearing, Judge Burkhardt denied Plaintiffs' Motion without prejudice. (Doc. No. 94 at 31). Plaintiffs object. (Doc. No. 96).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a magistrate judge's ruling on a non-dispositive matter is subject to reconsideration by the district judge if a party serves and files objections to the order within fourteen days. Fed. R. Civ. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) ("Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination[.]") (quotations omitted).

With respect to non-dispositive discovery disputes, "the magistrate judge's decision" is "entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir. 2001). A magistrate judge's ruling on discovery issues is clearly erroneous only if the court is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Burdick*, 979 F.2d 1369, 1370 (9th Cir. 1992). A magistrate judge's decision is "contrary to law" if "it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "The

---

[1] Document numbers and page references are to those assigned by the CM/ECF.

reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

## ANALYSIS

Plaintiffs object to Judge Burkhardt's Order on two grounds. First, Plaintiffs contend Judge Burkhardt failed to enforce the express terms of the Protective Order and *require* both Defendants and their counsel to independently evaluate each document designated as confidential to determine if such designation was made in good faith. (Doc No. 96-1 at 11-12).

The court is unpersuaded. Here, Plaintiffs' argument rests on Paragraph 4 of the Protective Order, which provides that: "[a]ny party or non-party . . . may designate documents or other information" as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" "only if the designating party or non-party and their counsel has an articulable, good faith basis to believe that the documents" qualify for such protection. (Doc. No. 45 at ¶¶ 4(a) and 4(b)).

The plain language of Paragraph 4 does not explicitly require a party *and* its counsel to independently review every document designated as confidential in discovery. The court does not read Paragraph 4 as delineating an exact procedure that must be followed before a party designates a document as confidential. Instead, as Judge Burkhardt reasonably concluded, Paragraph 4's provisions are met provided the designating party possesses an articulable, good faith basis for making its confidentiality designation. (Doc. No. 94 at 12:21-13:2). The central import of Paragraph 4 rests on the possession of an articulable, good-faith basis for designation—not on whether it is the party, the party's counsel, or both, that must make this determination. Judge Burkhardt's conclusion to this effect is neither clearly erroneous nor contrary to law.

Second, Plaintiffs contend Judge Burkhardt improperly shifted the burden to Plaintiffs, as the non-designating party, to prove the absence of good cause to maintain Defendants' confidentiality designations. (Doc. No. 96-1 at 12-16). The court is unpersuaded. In her Order, Judge Burkhardt correctly held the protective order operative

in this case is a "blanket protective order." (Doc. No. 94 at 24:22-25:4). A blanket protective order is one that is obtained "without making a particularized showing of good cause with respect to any individual document." *Low v. Trump Univ., LLC*, No. 13-CV-02519-GPC-WVG, 2016 WL 4098195, at *4 (S.D. Cal. Aug. 2, 2016).

Judge Burkhardt also correctly acknowledged that even in blanket protective orders, the burden of demonstrating good cause to maintain the confidentiality of designated documents remains with the designating party. (Doc. No. 94 at 25:14-19); *see also Low*, 2016 WL 4098195, at *4. Rather than *shift* the burden, Judge Burkhardt reasonably held there was nothing in the record to suggest Defendants had abused the designation process by not designating documents on a good-faith basis (Doc No. 94 *at* 27:11-6) and Defendants had met their initial burden of establishing good cause (*id.* at 29:2-4).

Notably, Judge Burkhardt based this conclusion, in part, on declarations Defendants submitted outlining the methodology by which Defendants had designated documents. *Id.* at 27:17-29:9. Judge Burkhardt was clearly entitled to credit these declarations as evidence Defendants' confidentiality designations were made in good faith. *Brady v. Grendene USA, Inc.*, No. 12-CV-00604-GPC-KSC, 2015 WL 5022298, at *5 (S.D. Cal. Aug. 21, 2015). Judge Burkhardt was also clearly entitled to credit the fact that despite challenging hundreds of documents—Plaintiffs could only identify *one* that had been improperly designated. (Doc. No. 94 at 30:5-10).

Rather than improperly shifting the burden—as Plaintiffs suggest—Judge Burkhardt's Order properly held Plaintiffs to their challenge obligations under Paragraph 14 of the Protective Order. (Doc. Nos. 45 at ¶ 14; 94 at 31:4-13). Judge Burkhardt's ultimate conclusion that Plaintiffs could re-raise a more narrow dispute by challenging specific documents or manageable categories of documents (after meeting and conferring with Defendants in good faith)—is not clearly erroneous nor contrary to law. "[I]t is not reasonable to expect Defendants to address thousands of documents in a single motion, nor is it inherently improper for Defendants to have designated a large number of

documents as confidential." *O'Neil v. City & Cty. of San Francisco*, No. 17-CV-07190-JCS, 2021 WL 1736809, at *4 (N.D. Cal. May 3, 2021); *see Brady*, No. 12-CV-00604-GPC-KSC, 2015 WL 5022298, at *7 (not clearly erroneous for magistrate judge to direct a party to follow confidentiality challenge procedures set forth in protective order).

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Objections (ECF No. 96) are **OVERRULED** and Magistrate Judge Burkhardt's August 19, 2021 Order (ECF No. 94) is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: October 13, 2021

JEFFREY T. MILLER
United States District Judge