UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON CLEVELAND, et al.,<br><br>  Plaintiff,<br><br>v.<br><br>LUDWIG INSTITUTE FOR CANCER RESEARCH LTD, et al.,<br><br>  Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 19-cv-02141-JM-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SEAL (ECF No. 122); AND**<br><br>**(2) DENYING PLAINTIFFS' MOTION TO SEAL (ECF No. 129)** |

Before the Court are two motions to seal filed by Plaintiffs. (ECF Nos. 122, 129.) Plaintiffs move to file under seal their motion to compel (lodged at ECF No. 123) and reply in support thereof (lodged at ECF No. 130). Plaintiffs filed the motions to seal in accordance with the Protective Order issued in this case because Defendants produced in discovery, with a confidential designation, certain documents submitted with and discussed in Plaintiffs' motion to compel and reply. (*See* ECF No. 45 ¶ 12.)

Plaintiffs' position is that the confidential materials at issue should not be sealed. (ECF Nos. 122 at 2; 129 at 2.) Plaintiffs did not include the legal basis Defendants provided

1

for the confidential designation. (*See* ECF No. 45 ¶ 12 ("If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with the legal basis for the confidential designation to include within the application.").) As the Court was unable to discern Defendants' position, the Court addressed the issue during the Status Conference held on March 7, 2022. (ECF No. 158.)

Based on the parties' representations, the Court finds good cause to seal the following exhibits attached to Plaintiffs' motion to compel: (1) Exhibit 1 (proposed amended Member Policy, dated April 20, 2019);[1] (2) Exhibit 3 (June 26, 2018, Ludwig Board minutes); (3) Exhibit 4 (December 3, 2018, Ludwig Board minutes); and (4) Exhibit 5 (April 25, 2017, Ludwig Board minutes). The Court does not find good cause to seal Exhibit 2 or Plaintiffs' reply.

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiffs' motion to file documents under seal (ECF No. 122) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiffs' motion to file documents under seal (ECF No. 129) is **DENIED**;

3. In accordance with the foregoing, Plaintiffs shall file a redacted version of their motion to compel (currently lodged at ECF No. 123) publicly on the docket within **one (1) court day** of the date of this Order;

4. Plaintiffs shall file their reply publicly on the docket within **one (1) court day** of the date of this Order; and

///

///

---

[1] **No later than 5:00 p.m. on March 8, 2022**, Defendants shall e-mail Plaintiffs a redacted version of Exhibit 1, in which Defendants redact all portions of the proposed amended Member Policy except for those portions cited in Defendants' opposition (ECF No. 151). Plaintiffs shall attach this redacted version of Exhibit 1 to their redacted filing.

5. The Clerk of Court is **DIRECTED** to file under seal the unredacted version of Plaintiffs' motion to compel lodged at ECF No. 123.

**IT IS SO ORDERED.**

Dated: March 8, 2022

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge